**STATE of Tennessee, Appellee,**

v.

**Steven BLANKS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 12, 1984.

Permission to Appeal Denied by Supreme Court April 9, 1984.

Ernest W. Williams, Franklin, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Larry D. Drolsum, Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

DWYER, Judge.

This appeal as of right from a conviction for assault with intent to commit robbery with a deadly weapon, T.C.A. § 39–2–104, with a sentence of confinement for not less than five years nor more than ten years, questions the sufficiency of the evidence and the identification procedures.

On October 12, 1980, David Gaylord Cobb, a resident of the Murray Estates subdivision in Williamson County, observed a car approaching his home at dusk with its headlights turned off. Mr. Cobb went to his gate, where he met a person he identified as the appellant. During a two-minute conversation, the appellant asked if a Bobby Wilson was home. When Cobb told him that he knew no one by that name, the young man left. Mr. Cobb observed other passengers in the car that had been driven to his home. Approximately an hour later, a car again entered the driveway. Mr. Cobb opened the door and saw a man standing there with a pistol in his hand. The man stated, "Don't make a move. I'm not kidding." A brief struggle ensued, during which Cobb managed to slam the door. A shot was fired through the door, causing a splinter to lacerate Mr. Cobb's finger. The man at the door was identified by Mr. Cobb at an earlier trial as Joe Woodson, who was convicted for the offense and received a sentence of ten to fifteen years imprisonment.

A neighbor of Mr. Cobb testified that a man resembling the appellant came to her door around dusk on October 12, 1970, asking for Bobby Wilson.

Williamson County police officers found a wrecked car registered to appellant near the scene of the assault. A subsequent search of the vehicle revealed some busi-

ness cards with appellant's name on them, a gun holster, and a fully loaded clip for a P–38 pistol. The car was subsequently turned over to appellant's father.

Joe Woodson, testifying for the State, identified appellant as the man who spoke to Mr. Cobb at the gate. He stated that the conversation lasted not more than three to four minutes. Woodson related that appellant brought up the idea of robbing Mr. Cobb and identified him as the man who went to Cobb's house with a gun.

The appellant offered no proof.

■ Two days before the trial, the police took appellant from his jail cell and photographed him. Appellant argues in his first issue that his constitutional rights were violated because the photograph was taken without the guiding hand of counsel. He cites no authority to directly sustain his position but contends that the rule requiring the presence of counsel at post-indictment lineups should be extended to cover the taking of photographs for a photographic array. The State cites *State v. Barger*, 612 S.W.2d 485, 491 (Tenn.Cr.App. 1980), in which this Court held that the Fifth Amendment does not prevent the compelled production of a defendant's clothing, and therefore the absence of the advice of counsel at such a proceeding is of no consequence. The State also cites C. Torcia, *Wharton's Criminal Evidence* § 624 (13th Ed.1973) for the proposition that an accused may be forced to submit to the photographing of himself without constitutional ramifications. We are in agreement with the State. This issue is overruled.

■ Appellant next urges that the photographic array presented to Mr. Cobb before trial was so suggestive that the in-court identification was tainted and inadmissible. At a pre-trial hearing on the motion to suppress, Mr. Cobb testified that he first saw appellant on October 12, 1980, and did not see him again until he viewed his photograph some twenty-seven months later. The witness, however, eliminated the other four photographs and was able to positive-

ly identify appellant as his assailant due to his long face and unusually close-set eyes. Mr. Cobb stated that the assistant district attorney who showed him the array made no suggestions to aid the identification. All of the photographs were "mug shots" from the Williamson County Sheriff's Department. It is true that appellant's photograph bears a later police identification date than the others, but Cobb testified that he never noticed the dates when he viewed the array. The individuals pictured in the array so closely resembled each other that defense counsel termed it a "fantastic lineup." We find that the identification procedures used here were not unduly suggestive.

■ Moreover, the identification was reliable even in light of any suggestiveness when analyzed under the factors set out in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Mr. Cobb viewed the appellant face-to-face at dusk for some two to four minutes. He was not a casual observer because the approach of the car without lights was unusual. There was no evidence to show that his description of appellant was inaccurate. Finally, even though there was a twenty-seven month span between the crime and the identification, the witness was certain of appellant's identity. The issue is overruled.

■ The final issue challenges the sufficiency of the evidence to support the verdict. The relevant question for the Court is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983); T.R.A.P. 13(e). Mr. Cobb identified appellant as being at his home shortly before the assault. A neighbor testified that appellant resembled the man who came to her door asking for Bobby Wilson on the crime date. Joe Woodson, who was identified by Cobb as the man with the pistol, testified that he was with appellant on the night of the offense and saw appellant speaking to Cobb at the gate. Woodson also related

that it was appellant's idea to return and rob Mr. Cobb. Appellant's car was found wrecked in Mr. Cobb's driveway and contained business cards with appellant's name on them, a gun holster, and a fully loaded clip for a pistol. The evidence was ample to meet the requirements of T.R. A.P. 13(e). This issue overruled, the judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.